

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. PD-1621-10

---

**RAYMOND DEAN LACKEY, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE SIXTH COURT OF APPEALS FANNIN COUNTY

---

**KELLER, P.J., filed a concurring opinion.**

The Court says that the record does not show that appellant was notified of Skotnik's appointment before the suppression hearing. I agree. An order in the clerk's file does not constitute notice. And given the ease with which judges may exchange benches, defense counsel should not have a burden to blindly object whenever he does not recognize a judge. If counsel discovers after the hearing that the person on the bench is unqualified, he should object before trial so that a new suppression hearing may be conducted.

I disagree with the Court's use of policy considerations to determine whether appellant

preserved error. The balancing of policy considerations gives the parties and the courts little guidance in knowing what is necessary to preserve error, and it is not our usual method of determining whether error has been preserved. I would simply hold that appellant did not have enough information to object at the suppression hearing, so he is not accountable for failing to do so at that time.[1]

I also disagree with the Court's decision to discuss whether an unqualified judge has authority to determine his own authority. That question relates to the State's first ground for review, regarding whether the orders on the motion to suppress were void. Earlier in its opinion, the Court expressly declines to address the voidness ground in light of its resolution of the State's second ground for review. I agree that we need not address voidness and I would not comment on any aspect of the issue.

I concur in the Court's judgment.

Filed: March 7, 2012
Publish

---

[1] The result might be different if the record had shown that appellant was given advance notice of Skotnik's appointment, that he knew of the appointment ahead of time, or that he knew that Skotnik was not qualified but nevertheless proceeded to participate in the suppression hearing without objection. Those scenarios might result in forfeiture or estoppel with respect to a complaint that the judge was unqualified, but it is unnecessary to address that issue today.